586

[No. 229-40915-2. Division Two. March 30, 1971.]

DOROTHY S. ROACH, *Appellant,* v. MADELINE ROACH, *Respondent.*

*Jos. Q. Betzendorfer, Jr.,* for appellant.

*Brooks K. Johnson* (of *Johnson & Cronk*), for respondent.

PEARSON, J.—This was an "alienation of affection" action brought by the plaintiff, Dorothy Roach, against Madeline (McLeod) Roach, the new wife of her former husband (Wightman Roach). The case was tried to the court, sitting without a jury. From a judgment of dismissal, plaintiff appeals.

The plaintiff and Wightman Roach met while he was serving in the United States Air Force in England. In 1946 the parties were married at Portland, Oregon. Roach remained in the service until 1957, when he retired. After retirement, the Roaches resided in Great Britain, where he acted as agent for an insurance company. In February, 1964, Roach determined to return to the United States and came to Washington state. His wife, who is a British sub-

ject, was detained by visa difficulties until June, 1964, when she arrived.

Plaintiff states that upon her arrival in Tacoma, her husband's attitude toward her had changed, though this is disputed. This change, she claimed, resulted from a relationship that had developed between her husband and the defendant, who was employed at the same insurance office where Roach went to work upon his arrival in February. Plaintiff returned to England in August, 1964. There was no evidence tending to demonstrate that a close relationship had even developed by that date. There is also testimony, although disputed, that plaintiff left for England, indicating her intention not to return. The defendant and Roach admittedly began seeing each other more after August, 1964. Roach commenced an action for divorce in February, 1965. The report of the decision on appeal arising out of the divorce may be found in *Roach v. Roach,* 72 Wn.2d 144, 432 P.2d 579 (1967). Three weeks after the divorce became final, Roach and the defendant married.

The general law governing the intentional tort of alienation of affections has been set out in *Carrieri v. Bush,* 69 Wn.2d 536, 419 P.2d 132 (1966). The elements of the tort are: (1) an existing marriage relationship; (2) a wrongful interference with the relationship by a third party; (3) a loss of affection or consortium; and (4) a causal connection between the third party's conduct and the loss. The intention may be established by conduct, since a person is deemed to intend the natural and probable consequences of his voluntary acts. *Lankford v. Tombari,* 35 Wn.2d 412, 213 P.2d 627, 19 A.L.R.2d 462 (1950).

The trial court was of the opinion that the second element had not been demonstrated in this case. From the evidence presented, which was in conflict on many points, the trial court found that plaintiff and Roach were having difficulties even before Roach returned to the United States. Once here, Roach was the active party in initiating a friendship with the defendant. The defendant resisted Roach's attentions for some time. The facts warrant a find-

588

ing that the defendant was the pursued, rather than the pursuer. Therefore, plaintiff failed to prove an essential element of wrongful conduct on the part of the defendant. *Swearingen v. Vik,* 51 Wn.2d 843, 322 P.2d 876 (1958). There was substantial evidence to support the trial court's finding and the dismissal was properly granted. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.